**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CARLOS ESQUIVEL,

               Petitioner - Appellant,

v.

AL RAMIREZ,

               Respondent - Appellee.

No. 13-35859

D.C. No. 1:11-cv-00030-BLW

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Argued and Submitted May 8, 2015
Seattle, Washington

Before: WALLACE, KLEINFELD, and GOULD, Circuit Judges.

Petitioner Carlos Esquivel, a state prisoner, appeals from the district court's

denial of his 28 U.S.C. § 2254 habeas corpus petition. He contends that the district

court erred when it concluded that Esquivel could not show prejudice stemming

from his counsel's failure to tell Esquivel that he had a right not to participate in a

---

      [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

psychosexual evaluation ("PSE") prior to sentencing. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm.

Esquivel's petition is governed by the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254. To be eligible for habeas relief, Esquivel must show that the Idaho courts' adjudication of his claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

Esquivel argues that the Idaho Court of Appeals unreasonably applied *Strickland v. Washington*, 466 U.S. 668 (1984), to determine that he had not suffered prejudice from his counsel's deficient performance. But, as we recently reaffirmed, we have never held that there is clearly established law applying the *Strickland* standard to "sentencing in noncapital cases." *Daire v. Lattimore*, 780 F.3d 1215, 1221 (9th Cir. 2015). Absent such "clearly established law," a federal court operating under AEDPA cannot grant relief. *Id.* Moreover, even if we assume that clearly established Supreme Court law applied *Strickland*'s requirements to attorney errors at sentencing in non-capital cases, we nonetheless

would reject application of *Strickland* because of a lack of the required element of prejudice for reasons that follow.

Esquivel also argues that the Idaho court's decision on prejudice was an unreasonable determination of the facts. It is true that the Idaho Court of Appeals did not examine the PSE, which was missing from the appellate record, in issuing its decision; instead, it applied a presumption, under settled Idaho law, that missing parts of the appellate record support the decision of the district court (here, that there had been no prejudice). The Court of Appeals noted this issue, stating that Esquivel bore the burden of proof, and that his "[f]ailure to include the PSE in the appellate record precludes the complete analysis of the prejudice prong." The district court reasoned that "[t]his omission . . . does not make the Court of Appeals's fact finding unreasonable," because the Idaho Court of Appeals made its decisions "reasonably based on those facts that *were presented*" to the state court, as required by § 2254(d)(2). We agree, and reject Esquivel's contention.

Even if we accept Esquivel's argument, assume that the Idaho Court of Appeals made an unreasonable determination of the facts, and perform a *de novo* review of his claim, we would still affirm. While the record does indicate that the sentencing judge considered the PSE, there is no evidence that such consideration led her to *increase* Esquivel's sentence. The conclusions of the PSE bolster the

-3-

other evidence considered by the sentencing judge, particularly Esquivel's denial of culpability at trial, upon which the sentencing judge relied "very heavily." Esquivel contended that the child victim was being "coached" to make her accusations, an argument that the sentencing judge specifically rejected, explaining that the child victim had given "quite credible" testimony to state investigators. The denial of responsibility by Esquivel was a central factor in sentencing. Even on *de novo* review, we would conclude that the conclusions of the PSE, whether or not considered by the sentencing judge, added nothing beyond further support for other evidence in the trial record.

**AFFIRMED**